956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Otto LLOVET, Petitioner,
v.
DEPARTMENT OF LABOR, Respondent.
 No. 91-3266.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1992.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Otto Llovet (Mr. Llovet) appeals from the October 3, 1991 decision of the Merit Systems Protection Board (Board), Docket No. SL07529010281. According to the Administrative Judge's (AJ) initial decision which ultimately became the Board's final decision upon the Board's rejection of Mr. Llovet's petition for review, the United States Department of Labor's (Agency) removal of Mr. Llovet from his position as a Wage and Hour Compliance Specialist was a reasonable penalty under the circumstances of this case. We affirm.
 
 DISCUSSION
 
 2
 Mr. Llovet was removed from his position as a Wage and Hour Compliance Specialist, GS-12-0249, with the United States Department of Labor, Kansas City, Missouri, based on several charges including insubordination and refusal to comply with direct instructions of a supervisor, use of abusive and offensive remarks to a supervisor, and illegal possession of a dangerous weapon on Federal property in violation of 18 U.S.C. § 930.
 
 
 3
 Mr. Llovet presents two basic arguments on appeal including that the AJ's decision is not supported by substantial evidence and that the AJ failed to take into consideration the appropriate mitigating factors in determining the appropriate penalty. First, "[s]ubstantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982). In determining whether the MSPB's decision is supported by substantial evidence, "the standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Service, 819 F.2d 1113, 1116 (Fed.Cir.1987); accord Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). After reviewing the facts relied upon by the AJ in making his determination and all of Mr. Llovet's arguments in opposition thereto, we find that the AJ's decision is supported by substantial evidence.
 
 
 4
 Second, we have reviewed Mr. Llovet's arguments regarding the AJ's alleged failure to consider the appropriate mitigating factors in his decision affirming the removal penalty and reject them in light of the exhaustive list of considerations articulated and considered by the AJ. We find that the decision was reasonable, adequately supported by the facts and correctly took into account the relevant mitigation factors outlined in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981).
 
 
 5
 Specifically, we disagree with Mr. Llovet's argument that the AJ failed to consider mitigating circumstances such as Mr. Llovet's health, the reasonableness of the demands made by Mr. Llovet's supervisor, and the potential animus Mr. Llovet's supervisor may have had toward him. These considerations were specifically addressed in the AJ's decision. A review of his decision reveals that he considered, among other things, the nature and seriousness of each offense, the relation of each offense to Mr. Llovet's duties, the credibility of witnesses, stipulations made by Mr. Llovet regarding each offense, Mr. Llovet's explanation for his conduct as well as his inability to explain or rationalize key aspects of his conduct, the number of years of satisfactory service Mr. Llovet has had with the Agency, Mr. Llovet's physical condition and ability to perform his duties, Mr. Llovet's workload and the length of time necessary to complete various assignment's he had failed to complete, Mr. Llovet's reputation in the office, the state of mind of various witnesses, the possibility that Mr. Llovet's supervisor may have had personal animus against Mr. Llovet, the appropriateness of the penalty, whether Mr. Llovet's removal promotes the efficiency of the service, and Mr. Llovet's potential for rehabilitation.
 
 
 6
 We also disagree with Mr. Llovet's argument that the AJ erred in considering Mr. Llovet's prior disciplinary record in determining the appropriate penalty. T he AJ considered Mr. Llovet's disciplinary record over the eighteen months prio r to his removal which included a 30-day suspension for illegal use of a govern ment vehicle, failure to follow instructions and providing misleading informati on to management, and two reprimands for failure to follow instructions and pro cedures and for questioning other employees on how Mr. Llovet's supervisor had become aware that Mr. Llovet was making disrespectful and disruptive statements about the supervisor. We find that these prior instances of misconduct are su fficiently similar to charges for which Mr. Llovet is being penalized to warran t the AJ considering them in determining the appropriate penalty in this case. For example, each of the two reprimands was based on Mr. Llovet's failure to f ollow instructions and the 30-day suspension was partially based on Mr. Llovet' § failure to follow instructions.
 
 
 7
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, c apricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We see no such error here and, accordingly, affirm.